UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Case No. |
| Plaintiff, | ) | 5:16-cr-41-JMH-EBA |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOHN GUZMAN, | ) | **& ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*

This matter is before the Court on Defendant John Guzman's motion, styled a motion for "reduction in sentence" under the First Step Act. [DE 114]. In fact, Guzman requests this Court grant him early release,[1] claiming there are "extraordinary and compelling" reasons to do so under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). [DE 114 at 1-6, PageID #1661-66]. In the alternative, he asks for early release to home detention under the "Second Chance Act," 34 U.S.C. § 60541(g), which allows early release to home detention for elderly and terminally ill offenders. [*Id.* at 6-7, PageID #1166-67].

On June 28, 2019, this Court directed the United States to respond to Guzman's motion. [DE 115]. The United States having

---

[1] This Court notes that Guzman is proceeding *pros* se, without the assistance of an attorney, and that this Court construes such motions more leniently than motions prepared by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

now responded, [DE 116], and Guzman having replied in support of his motion, [DE 117], this matter is now ripe for review. Having reviewed said motion, and being otherwise sufficiently advised, **IT IS ORDERED** that Guzman's motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 18, 2016, after a one-week jury trial, Guzman was found guilty on nine counts of bank fraud in violation of 18 U.S.C. § 1344(1). [DE 42]. On February 21, 2017, Guzman was sentenced to a term of imprisonment of fifty (50) months on each of the nine counts to run concurrently. [DE 60].

Guzman is currently serving his sentence at Federal Medical Center ("FMC") in Lexington, Kentucky. [*Id.*]. Guzman is 73 years old and has served more than 50 percent of his sentence. He now requests early release. [DE 114].

## II. ANALYSIS

**A. Guzman's Request for Early Release Under 18 U.S.C. § 3582(c).**

Guzman argues that he is entitled to early release under 18 U.S.C. 3582(c)(1)(A). First, he argues he is entitled to early release for "extraordinary and compelling reasons." [DE 114 at 1, PageID #1161]. Second, he argues that he is entitled to compassionate release. [*Id.* at 2, PageID #1662]. In support of these arguments, Guzman claims he is a 73 years of age and has

several serious medical conditions, from which he claims he is not expected to recover. [*Id*. at 1, PageID #1661].

Regardless, even if Guzman demonstrated an "extraordinary and compelling" reason to reduce his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i), or met the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(ii), Guzman failed to exhaust his administrative remedies as required by the statute. As such, his request for a reduction is premature at this time and must be denied.

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law. Among other reforms, the First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prisons' denial of compassionate release. Pub. L. No. 115-391, § 603(b). To request a reduction in his or her term of imprisonment for "compelling and extraordinary reason," or "compassionate release" a defendant must comply with the requirements set forth in 18 U.S.C. § 3582(c)(1)(A). The language of 18 U.S.C. § 3582(c)(1)(A) specifically provides:

> (c) Modification of an imposed term of imprisonment. The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons,

or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

  (i) Extraordinary and compelling reasons warrant such a reduction.

  (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;...

The First Step Act of 2018 expanded the criteria for compassionate release and gives defendants the opportunity to

appeal the Bureau of Prisons' denial of compassionate release, but it did not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief. *Id.; see also*, Pub. L. No. 115-391, § 603(b).

The present motion, [DE 114], is not brought by the Director of the Bureau of Prisons and it does not appear that Guzman has exhausted his administrative remedies. *See Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001). Accordingly, his request for early release must be denied.

**B. Guzman's Request for Early Release to Home Detention.**

In the alternative, Guzman requests that he be released to home confinement under the "Second Chance Act," 34 U.S.C. § 60541(g), which allows early release for elderly and terminally ill offenders to home detention. [*Id.* at 6-7, PageID #1166-67]. However, the United States argues that "...the Court is [] without jurisdiction to directly review the decision of the Bureau of Prisons on this matter." [DE 116 at 2, PageID #1678]. The United States is correct.

The First Step Act expands the release opportunities, including home confinement, for elderly or terminally ill offenders under 34 U.S.C. § 60541. Pub. L. No. 115-391, § 603; *Burg v. Nicklin*, 2019 U.S. Dist. LEXIS 14175, 2019 WL 369153 (W.D. Tex. Jan. 29, 2019); *Parsons v. Howard*, 2019 U.S. Dist. LEXIS

19408, 2019 WL 469913 (M.D. Pa. Feb. 6, 2019). In particular, the First Step Act modified 34 U.S.C. § 60541 to provide:

> (A) The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from a Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.

> (B) In carrying out a pilot program as described in subparagraph (A), the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from the Bureau of Prisons facilities to home detention upon written request from either the Bureau of Prisons or an eligible elderly offender or terminally ill offender."

Pub. L. No. 115-391, § 603. The First Step Act further modified 34 U.S.C. § 60541 to state:

> [T]he term eligible elderly offender means an offender in the custody of the Bureau of Prisons – (i) who is not less than 60 years of age; (ii) who is serving a term of imprisonment that is not life imprisonment ... and has served the greater of 10 years or 2/3 of the term of imprisonment to which the offender was sentenced ...

Pub. L. No. 115-391, § 603.

However, this Court cannot grant the relief Guzman requests. The language of 34 U.S.C. § 60541 only authorizes the Attorney General to modify the method of imprisonment. It does not permit the courts to do so. Moreover, the United States is correct that there is no statutory mechanism for judicial review of the Attorney General's determination of if and when home confinement is

appropriate. As a result, this Court is unable to grant Guzman's motion.

Accordingly, **IT IS ORDERED** that Defendant John Guzman's motion, [DE 114], for early release pursuant to the First Step Act and home detention pursuant to the the Second Chance Act is, and hereby shall be, **DENIED.**

This the 19th day of August, 2019.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge