UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Case No. |
| Plaintiff/Respondent, | ) | 5:16-cr-41-JMH-EBA-1 |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 5:18-cv-546-JMH-EBA |
| JOHN GUZMAN, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| | ) | |
| | ) | |

* * *

This matter is before the Court on federal prisoner, John Guzman's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 93]. In his motion, Guzman argues that his counsel was ineffective during his trial and on appeal. [DE 93-1]. In this case, the record refutes Guzman's claims of ineffective assistance of counsel at trial and on appeal that were properly presented in his § 2255 motion. Thus, Guzman's petition for relief under § 2255 is **DENIED** and the Court declines to grant an evidentiary hearing, or issue a certificate of appealability.

## I. Procedural and Factual Background

On May 5, 2016, Guzman was indicted on nine (9) separate counts of bank fraud in violation of 18 U.S.C. § 1344(1). Mr. H. Wayne Roberts was subsequently appointed CJA counsel for Guzman. Guzman entered a plea of not guilty on all nine (9) counts.

1

On November 18, 2016, after a one-week jury trial, Guzman was found guilty on all nine (9) counts. [DE 42]. As a result, Guzman was sentenced to a term of imprisonment of fifty (50) months on each of the nine counts to run concurrently. [DE 60]. Guzman is currently serving his sentence at Federal Medical Center ("FMC") in Lexington, Kentucky. [*Id.*].

Guzman appealed the district court's denial of Guzman's motion for judgement of acquittal. [DE 64]. Counsel, H. Wayne Roberts, was appointed as counsel for Guzman in his appeal. On direct appeal, Guzman argued that there was insufficient evidence to convict him of bank fraud under 18 U.S.C. § 1344(1). [DE 91 at 5, PageID #1377]. On April 25, 2018, the Sixth Circuit found that Guzman's convictions were supported by the evidence and affirmed the district court. [*Id.* at 9, PageID #1381].

On September 24, 2018, Guzman filed the instant motion. [DE 93]. Guzman states that the sole ground for his motion to vacate his sentence is that his trial and appellate counsel provided ineffective assistance.[1] [DE 93 at 4, PageID #1389].

Guzman makes four arguments in support of his ineffective assistance claim. [DE 93-1 at 2-13, PageID #1400-11]. First, Guzman argues that his counsel was ineffective for failing to

---

[1] Notably, Guzman implies that one or more grounds in the present motion that have never been raised in federal court, "...due to ineffective assistance of appellate counsel[,]" but Guzman does not identify any such grounds. [DE 93 at 10, PageID #1395].

interview, investigate, and call certain witnesses. [*Id*. at 1402-04]. Second, he argues that his counsel was ineffective for failing to request the United States to turn over allegedly-suppressed evidence. [*Id*. at 6-8, PageID #1404-06]. Third, Guzman claims his counsel was ineffective for failing to argue that the trial court inaccurately and confusingly explained the elements of the crime he was charged with. [*Id*. at 8-9, PageID #1406-07]. Fourth, Guzman argues that counsel was ineffective for failing to raise certain issues on appeal that Guzman wanted to raised, including questions of counsel's own ineffectiveness. [*Id*. at 9-13, PageID #1407-11].

The United States responded in opposition to Guzman's motion, [DE 99], and Guzman replied in support. [DE 102]. This matter was subsequently submitted to the Magistrate Judge Edward B. Atkins, [DE 103], who recommended that the Guzman's motion be denied with prejudice. [DE 112].

On June 10, 2019, Guzman filed objections to Magistrate Judge Atkins's Recommended Disposition. [DE 113]. Guzman "objects to the R&R in its entirety but will deal with it on a point by point basis." [DE 113 at 2, PageID #1639]. First, Guzman alleges that his counsel was ineffective for failing to interview and call "promising witnesses[,]" that would have changed the outcome of his trial. [DE 113 at 2, PageID #1639]. Second, Guzman objects, [DE 113 at 4, PageID #1641], to the Magistrate Judge's Recommended

Disposition, [DE 112 at 9-12, PageID #1624-27], as it relates to Guzman's allegation that his counsel failed to file a motion for suppressed evidence. [DE 93-1 at 7-8, PageID #1405-06]. Third, Guzman objects to the Magistrate Judge's recommendation, again arguing that his counsel was ineffective because his counsel failed to object to the trial court's jury instructions and explanations and failed to raise that argument on appeal. [DE 113 at 4-9, PageID #1641-45]. Finally, Guzman also claims he was denied effective assistance of counsel during his appeal. [DE 93-1 at 9-13, PageID #1407-11].[2] We will review each of Guzman's objections in turn.

## II. STANDARD OF REVIEW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights ....."). To be entitled to habeas relief under his 28 U.S.C. § 2255 claims, Garner must generally show that, *inter alia*, "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

_____

[2] Guzman also objects to the Magistrate Judge citing "case law from other circuits and districts that are not binding on this court." [DE 113 at 2, PageID #1639].

In particular, "[t]o prevail on a motion under § 2255, a [petitioner] must prove '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Goward v. United States*, 569 F. App'x 408, 412 (6th Cir. 2014) (quoting *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012)).

A habeas petitioner may object to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If the petitioner objects, "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585-86 (6th Cir. 2005).

Since plaintiff proceeds *pro se*, his pleadings are held to a less stringent standard than those prepared by an attorney and are liberally construed in his favor. *See Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

## III. ANALYSIS

## A. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim under *Strickland* requires that a prisoner show (1) that his "counsel's performance was deficient measured by reference to 'an objective standard of reasonableness'" and (2) "resulting prejudice, which exists where 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *United States v. Coleman*, 835 F.3d 606, 612 (6th Cir. 2016) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).

"To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688). Courts have "declined to articulate specific guidelines for appropriate attorney conduct and instead have emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Id.* (quoting *Strickland*, 466 U.S. at 688) (alterations in *Wiggins*). Still, a court's review of this prong includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Petitioner carries the burden of establishing that "'counsel made errors so serious that

6

counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

Prejudice results from a deficient performance when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 693).

Meeting "*Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The standard "must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." *Harrington*, 562 U.S. at 105. "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one" because "[u]nlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Id.*

In the instant matter, Guzman's ineffective assistance of counsel arguments can be divided into trial claims and appeal claims. We will discuss each in turn.

**(1) Trial Ineffective Assistance of Counsel Claims.**

    **a.   Failure to investigate and call potential witnesses.**

First, Guzman alleges that his counsel was ineffective for failing to interview and call "promising witnesses[,]" that would have changed the outcome of his trial. [DE 113 at 2, PageID #1639]. As noted in the Magistrate Judge's Recommended Disposition, [DE 112 at 6-9, PageID #1621-24], Guzman claims that there were nine(9) people, who should have been interviewed and called as witnesses in his defense.[3] [DE 93-1 at 4-6, PageID #1402-04]. These persons include (1) Brad Lawson, (2) Tammie Luttrell, (3) Tim Wesley, (4) David Harrod, (5) Mike Lawson, (6) Mike Feldman, (7) Kristen Lambert, (8) Morris Chamness, and (9) David Vervile. [DE 93-1 at 5, PageID #1403].

Guzman's claim fails because he made no showing that his counsel failed to interview, investigate, or call witnesses that would have offered testimony favorable to him. The law is clear that "[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005) (quoting *Strickland*, 466 U.S. at 691). Counsel's basic function

---

[3] Guzman originally claim his counsel failed to interview and call eleven (11) witnesses. [DE 93-1 at 5, PageID #1403]. However, the Magistrate Judge correctly noted that two of the persons Guzman claimed should have testified did, in fact, testify at his trial. [DE 112 at 6, PageID # 1621, n. 1]. Those persons were James Tate and Berta Peterson-Smith. [*Id.*].

is "to make the adversarial process work in the particular case."
*Id.* (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986)).

Guzman claims the testimony of the purported witnesses would have negated the element of intent on all nine (9) counts of bank fraud on which he was found guilty. [DE 93-1 at 6, PageID #1404]. Guzman takes issue with the fact that two witnesses, Brad Lawson and Tammie Luttrell, were subpoenaed, but neither were called to testify.[4] [*Id.* at 5, PageID #1403]. Next, he claims his counsel failed to investigate and/or interview the balance of the purported witnesses named above. [*Id.* at 6, PageID #1404]. Guzman set forth the particular facts to which each of these purported witnesses would allegedly testify, but has not attached affidavits supporting these claims. [*Id.* at 5, PageID #1403].

Guzman's unsupported allegations must fail. In the instant case, Guzman offered no affidavits showing what these witnesses' testimony would have provided, let alone that their testimony would, in fact, be favorable to him. The affidavits Guzman did attach offer no new information or no information at all.

This Court has held, "[i]n order to present a viable ineffective assistance of counsel claim based upon an alleged failure by counsel to call a witness to testify at trial, Defendant must 'make an affirmative showing as to the identity and

---

[4] According to Guzman, Lawson was present at trial but Luttrell was not. [DE 93-1 at 5, PageID #1403].

availability of the witness to testify, the details of what the uncalled witness would have testified to, and that the testimony of the uncalled witness would have produced a different, more favorable result at trial.'" *United States v. Turek*, (E.D. Ky. Oct. 6, 2015) (*quoting Talley v. United States*, No. 1:00-CV-74, 2006 WL 3422997, at *9 (E.D. Tenn. Nov. 27, 2006)).

To make such an affirmative showing, Guzman must, "[a]t the very least ... submit sworn affidavits from each of the individuals he has identified as uncalled witnesses stating whether they were in fact available to appear at trial and able to give testimony favorable to [the] defense." *See United States v. Strickland*, No. 5:15-CR-79-DCR-HAI-2, 2018 WL 1867164, at *8(E.D. Ky. Jan. 22, 2018) (*quoting* Talley, 2006 WL 3422997, at *10)). This Court has held "[a] defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Slater*, 2011 WL 7168921, *11 (E.D. Ky. Dec. 5, 2011) (quoting *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991)).

Here, Guzman did allege the purported witnesses would testify as to facts favorable to him. [DE 93-1 at 5, PageID #1403]. However, Guzman did not provide affidavits, demonstrating what, in particular, the nine purported witnesses would have testified to at trial. Guzman also failed to show precisely how the alleged facts they would have testified to would have negated the "intent"

element of 18 U.S.C. § 1344(1). Having failed to present affidavits the Court cannot make any real assessment of how any testimony from the identified defense witnesses would have affected the outcome of Guzman's case.

Guzman did submit the affidavits of his sister, Berta Peterson-Smith, and a retired attorney, Morris Chamness. However, neither is sufficient to demonstrate ineffective assistance of counsel. [DE 93-2; DE 93-4]. Ms. Peterson-Smith testified at trial and her affidavit does not more than express disagreement with how counsel handled the case or how she was questioned. It does not provide any new information. As the Magistrate Judge correctly notes, Ms. Peterson-Smith was interviewed, investigated, and was called as a witness. Thus, Guzman cannot attack his counsel's assistance the basis that he failed to do those things. Likewise, Mr. Chamness's affidavit did not provide any new or different information. [DE 93-4]. He states no more than he "may have information that could have changed the outcome of Guzman's trial." [*Id*.]. The Magistrate Judge's Recommended Disposition correctly notes that "[t]his bare assertion clearly provides no detail or substance as to what Chamness's testimony would have produced or how it would have supported Guzman's case in any way." [DE 112 at 9, PageID #1624].

In short, Guzman cannot show that his counsel's was unreasonable, let alone that his counsel's alleged errors

prevented caused him to lose where he should have won. *Strickland*, 466 U.S. at 694. As a result, this Court cannot grant Guzman relief on this claim.

### b. Failure to file a discovery motion for allegedly-suppressed evidence.

Second, Guzman objects, [DE 113 at 4, PageID #1641], to the Magistrate Judge's Recommended Disposition, [DE 112 at 9-12, PageID #1624-27], as it relates to Guzman's allegation that his counsel failed to file a motion for suppressed evidence. [DE 93-1 at 7-8, PageID #1405-06]. This claim incorporates two specific allegations. First, Guzman alleges his counsel was ineffective for failing to file a motion for discovery. [*Id.*]. Second, Guzman claims the United States suppressed evidence which he claims would have produced a difference result at trial. [DE 93-1 at 8, PageID #1406]. Guzman's claim fails on both points.

Guzman's claim that his counsel was ineffective for failing to file a motion for discovery is easily dispensed with. Both Federal Rule of Criminal Procedure 16 and this Court's General Discovery order, [DE 12], require the parties to meet and confer. Both require the United States, upon request of defense counsel, to turn over discovery to counsel. [*Id.* at 2, PageID #27]. Thus, Guzman's base assumption that his counsel was required to file a motion for discovery and failed to do so is clearly incorrect. Further, to the extent Guzman believes his counsel did not request

certain discovery, Guzman's motion fails to specify what discovery he believes was not requested. [DE 93-1 at 6-8, PageID #1404-06].

Instead, Guzman's counsel did, in fact, receive, and acknowledge receipt of a CD containing a large quantity of discovery, [DE 15-2]. Guzman's counsel received so much discovery that he moved to have the case declared complex, [DE 15], the Court granted the motion, [DE 16]. As a result, Guzman's argument is without merit.

Next, Guzman's argument that the United States suppressed evidence which he claims would have produced a difference result at trial, is equally meritless. [DE 93-1 at 8, PageID #1406]. Here, Guzman alleges a *Brady* violation. *See Brady v. Maryland*, 373 U.S. 83 (1963). The United States Supreme Court has held "...the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to either guilt or to punishment, irrespective of good faith or bad faith of the prosecution." *Id*. at 87. A *Brady* claim may arise "where the [United States] failed to volunteer exculpatory evidence never requested, or requested in a general way." *Kyles v. Whitley*, 514 U.S. 419, 433 (1995).

To prevail on his claim, Guzman has the burden to show "(1) the evidence at issue is 'favorable [to him], either because it is exculpatory, or because it is impeaching;' (2) the State suppressed the evidence 'either willfully or inadvertently;' and (3)

'prejudice...ensued.'"  *Skinner v. Switzer*, 562 U.S. 521, 536 (2011) (*quoting Strickler v. Green*, 527 U.S. 263, 281-282 (1999).

Guzman's objections state only that the United States failed to turn over and counsel obviously did not request a copy a handwriting analysis.  [DE 113 at 4, PageID #1641].  Simply put, as noted in the Magistrate Judge's Recommended Disposition, Guzman's fails to explain what evidence is at issue, let alone how it would be favorable to him, whether the United States suppressed it willfully or inadvertently, or that he was prejudiced as a result of any alleged suppression.  [DE 93-1 at 7-8, PageID #1405-06; DE 112 at 9-12, PageID #1624-27].  As such, his objection must fail.

### c.  Failure to Object to Constructive Amendment of the Indictment and Failure to Raise Issue on Appeal.

Guzman's next objects to Magistrate Judge's Recommended Disposition, which found the trial court did not constructively amend the charges in Guzman's indictment through its jury instructions, and thus his counsel was not ineffective for failing to object to such instructions.  [DE 112 at 18, PageID #1633; DE 113 at 4, PageID #1641].  Notably, the Magistrate Judge also found that Guzman cannot relitigate this issue here because he argued it on direct appeal.  [DE 112 at 17, PageID #1632].  We agree with the Magistrate Judge.

In his motion, Guzman argued that his counsel was ineffective for not challenging or objecting to the district court's constructive amendment of the indictment and failure to raise the issue on direct appeal. [DE 93-1 at 8-9, 1406—7]. In support of his argument, Guzman implies that his counsel failed to object to the Court's jury instructions and explanation of the elements and terms of the offenses he subsequently was convicted of. [*Id.*].

The Magistrate Judge's Recommended Disposition found that Guzman failed to show that a constructive amendment occurred. [DE 112 at 12-18, PageID #1627-33]. In particular, the Magistrate Judge found that the Court's jury instructions for bank fraud were correct, as where its explanation of the terms "scheme to defraud." [*Id.* at 16, PageID #1631]. Moreover, he found the Court referenced the correct statute and charges in the indictment when it made its instructions and explanations. [*Id.* at 17-18, PageID #1632-33]. As a result, the Magistrate Judge found that, even had Guzman's counsel objected to the instructions his objection would have failed. [*Id.* at 18, PageID #33]. Thus, Guzman cannot demonstrate his counsel's conduct was ineffective in this instance or that he was prejudiced. [*Id.*]; *see also*, *Strickland*, 446 U.S. at 689-90.

Guzman objects to the Magistrate Judge's recommendation, again arguing that his counsel was ineffective because his counsel failed to object to the trial court's jury instructions and failed to raise that argument on appeal. [DE 113 at 4-9, PageID #1641-

15

45].  Guzman's entire claim stems from his incorrect assumption that the trial court's instructions and the evidence presented constructively amended his indictment.

Because no constructive amendment occurred Guzman's argument collapses.  Constructive amendment occurs when "...both the jury instructions and the evidence at trial vary from the indictment to broaden the basis for conviction."  *United States v. Bradley*, 917 F.3d 493, 502 (6th Cir. 2019) (quoting *United States v. Kuehne*, 547 F.3d 667, 683-84 (6th Cir. 2008)).  This happens "when the terms are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that the defendant may have been convicted of an offense other than the one charged in the indictment." *Id*. at 501-2.

The Sixth Circuit has stated "[t]o assess whether there has been a constructive amendment...to the indictment, [the Court must] 'review the language of the indictment, the evidence presented at trial, the jury instructions, and the verdict forms utilized by the jury.'" *Bradley*, 917 F.3d at 502 (quoting *Kuehne*, 547 F.3d at 683-84)).  Here, Guzman "...bears the burden of proof in demonstrating that a ... constructive amendment occurred."

Guzman argues that the Court's jury instructions were "confusing" and thus "prejudiced Guzman at trial in that the Jury believed that it could find either section without any corrective instruction from the court or no contemporaneous objection from

counsel." [*Id*. at 7, PageID #1644]. As a result, Guzman claims that "[t]here is a substantial likelihood that Guzman was convicted of an offense other than the one charged in the indictment." [*Id*. at 8, PageID# 1645]. He further argues that his trial counsel, who also represented him on appeal, refused to make this argument on appeal because it was a "conflict of interest." [*Id*. at 5, PageID #164]. These arguments are without merit.

At bottom, Guzman argues the Court incorrectly instructed the jury on the wrong statutory section. Guzman was charged with bank fraud under 18 U.S.C. § 1344. [DE 1]. There are two sections under the bank fraud statute. *See* 18 U.S.C. § 1344. It provides:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice—
>
> > (1) to defraud a financial institution; or
> >
> > (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representation, or promises;
>
> Shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. §§ 1344(1)-(2).

Guzman argues "...the instruction[s] given in [his] trial for § 1344 (1) do not reflect an approved definition under federal law for that section." [DE 113 at 6, PageID #1643]. Instead, he

argues the Court improperly instructed the jury as to section (2) instead of section (1). [*Id.* at 7, PageID #1644].

The Sixth Circuit has stated, "[t]he elements of bank fraud under 18 U.S.C. § 1344 are: '(1) the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution; (2) the defendant had an intent to defraud, and (3) the financial institution was insured by the FDIC.'" *United States v. Kerley*, 784 F.3d 327, 343 (6th Cir. 2015) (citing *United States v. Dowlen*, 514 Fed. Appx. 559, 563 (6th Cir. 2013)).

Guzman argues the Court incorrectly explained the meaning of the terms and phrase "a scheme to defraud" and "false or fraudulent pretenses, representations or promises." [DE 113 at 6-7, PageID #1643-44]. The Court specifically explained as follows:

> I will explain some of those terms. A scheme to defraud includes a plan or course of action by which some intends to deprive another of money or property by means of false or fraudulent pretenses, representations or promises.
>
> The term false or fraudulent pretenses, representations or promises means any false statements or assertions that conceal a material fact of a matter in question that were known to be un – were either known to be untrue when made or made with reckless indifference to their truth.

[DE 85 at 872-875; DE 45 at 13-4].

Guzman argues these instructions are "confusing" because the Court used the language "by means of false or fraudulent pretenses,

representations, or promises" to explain "scheme to defraud," and that the same language is also contained within the statutory text of 18 U.S.C. § 1344(2). [DE 113 at 6-7, PageID #1643-44]. We disagree.

A scheme to defraud includes "any plan or course of action by which someone intends to deprive another by deception of money or property by means of false or fraudulent pretenses, representations, or promises." *United States v. Daniel*, 177 F.3d 472, 479 (6th Cir. 2003)(internal citation omitted). The Sixth Circuit has noted that "[s]ubsection (1) and (2) of § 1344 prohibit much of the same behavior, [but] they do not overlap perfectly." *United States v. Selgjekaj*, 678 Fed. Appx. 379, 384 (6th Cir. 2017) (citing *Loughrin v. United* States, 573 U.S. 351, 355-57 (2014)).

Rather, the language of section 2 is broader than section 1 as to the whom a false representation can be made. *See* 18 U.S.C. § 1344. The Sixth Circuit has noted that "[w]hile both sections cover obtaining from a bank by making false representations to the bank, § 1344(2) also covers false representations to person other than the bank so as to gain control of property in the custody of the bank." *Selgjekaj*, 678 Fed. Appx. at 384 (citing *Loughrin v. United* States, 573 U.S. at 355-57.

Here, the Court was clearly explaining in the context of a "a scheme to defraud," under the narrower language of 18 U.S.C. §

1344(1), not the broader language of 18 U.S.C. § 1344(2). The

Court explicitly stated:

> The indictment charges the defendant with nine
> counts of bank fraud.
>
> For you to find the defendant guilty of any
> count of bank fraud, you must find that the
> government has proved as to each - - that count
> each and every one of the following elements
> beyond a reasonable doubt.
>
> First, that the defendant knowingly executed
> or attempted to execute a scheme *to defraud* a
> bank...

[DE 85 at 872-875; DE 45 at 13-4] (emphasis added).

This language clearly reflects a charge under 18 U.S.C. §

1344(1), which creates criminal liability for "[w]hoever knowingly

executes, or attempts to execute, a scheme or artifice— (1) to

defraud a financial institution...[,]" rather than a charge under

18 U.S.C. § 1344(2), which does that same for those who would

"obtain any of the moneys, funds, credits, assets, securities, or

other property owned by, or under the custody or control of, a

financial institution, by means of false or fraudulent pretenses,

representation, or promises..." Accordingly, we agree with the

Magistrate Judge that these explanations were not incorrect. [DE

112 at 16, PageID #1631].

In addition, we note that this claim was argued and considered

on direct appeal. [DE 112 at 17, PageID #1632]. As the Sixth

Circuit has stated "[i]ssue which are fully, fairly presented and

considered on direct appeal may not be relitigated in a § 2255 proceeding absent exceptional circumstances or an intervening change in the law." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996). In the instant case, there are no exceptional circumstances nor change in the law warranting Guzman to relitigate the claims he raised on direct appeal. As such, even if Guzman could demonstrate ineffective assistance and prejudice, he would be precluded from relitigating this claim here.

**(2) Appeal Ineffective Assistance of Counsel Claims.**

As noted above, Guzman also claims he was denied effective assistance of counsel during his appeal. [DE 93-1 at 9-13, PageID #1407-11]. In particular, Guzman argues that his counsel, who represented him in both his trial and on appeal, had a conflict of interest which prevented him from arguing ineffective assistance of counsel against himself on appeal and that he failed to raise other issues. [*Id.*]. Guzman was especially upset that his counsel did not raised issues Guzman specifically wanted raised on appeal. [*Id.* at 10, PageID #1408]. These arguments, Guzman claims, were "clearly stronger than those presented." [*Id.* at 11, PageID #1409].

The Magistrate Judge's Recommended Disposition found Guzman's claims meritless, [DE 112 at 18-20, PageID #1633-35], determining that even if Guzman had brought an ineffective assistance of

counsel claim on direct appeal, it is unlikely it would have been considered and did not have to be preserved on direct appeal. [*Id.* at 19, PageID #1634]. In addition, the Magistrate Judge found that Guzman "...fail[ed] to show any reasonable probability that he would have prevailed on appeal had his counsel raised any of these issues[.]" [*Id.* at 20, PageID #1635]. Thus, the Magistrate Judge concluded that Guzman failed to show that his counsel's was insufficient or that Guzman was prejudiced by such conduct. [*Id.*].

Guzman objects to the Magistrate Judge's recommendation, again arguing that his counsel was ineffective because his counsel had a "conflict of interest." [DE 113 at 8, PageID #1645]. In particular, he claims that "[t]here can be no doubt that Guzman was denied effective counsel on appeal because under the 6th Amendment, he was entitled to conflict-free representation. [DE 113 at 8-9, PageID #1645-6].

Guzman's objections fail. We note that Guzman provides almost no factual or legal support for his claim of ineffective assistance of counsel during his appeal. [*Id.*]; *see also*, *O'Malley v. United State*, 285 F.2d 733, 735 (6th Cir. 1961) ("When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief."). Even so, Guzman's claim is without merit. As the Magistrate Judge correctly noted "[t]o succeed on a claim that appellate counsel performed ineffectively, a petitioner almost demonstrate a reasonable

probability that, but for his counsel's unreasonable failure to raise [an] issue on appeal, he would have prevailed." *Dufresne v. Palmer*, 876 F.3d 248, 257 (6th Cir 2017) (quoting *Webb v. Mitchell*, 586 F.3d 383, 399 (6th Cir. 2009); *Smith v. Robbins*, 528 U.S. 259, 289 (2000)).

In the instant case, Guzman complains that his counsel neither did raise nor could raise an ineffective assistance of counsel claim on direct appeal. [DE 113 at 8, PageID #1645]. Guzman is incorrect. A defendant may not raise an ineffective assistance of counsel claim on direct appeal because there has been no opportunity to "...develop and include in the record evidence bearing on the merits of allegations." *United States v. Warman*, 578 F.3d 320, 348 (6th Cir. 2009). Moreover, Guzman's counsel did not have to bring such a claim on direct appeal to preserve the claim for a collateral attack. *Massaro v. United States*, 538 U.S. 500, 509 (2003). Thus, Guzman's argument that he was denied effective assistance of counsel because his counsel did not raise ineffective assistance of counsel on direct appeal is simply devoid of merit.

## C. Evidentiary Hearing

Section 2255 requires that a district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled

to no relief." 28 U.S.C. § 2255(b); *see also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Here, because the record refutes Guzman's factual allegations and conclusively shows that Guzman is not entitled to habeas relief, the Court will not hold an evidentiary hearing. *See Arredondo*, 178 F.3d at 782.

**D.  Certificate of Appealability**

"[A] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing for constitutional claims rejected on the merits, a Defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). The "question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342. For claims denied on procedural grounds, a certificate appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court has considered the issuance of a certificate of appealability as to each of Guzman's claims.

Ultimately, no reasonable jurist would find the assessments on the merits debatable or wrong.  Additionally, as to Guzman's claims that are procedurally barred, the Court finds that no jurist of reason would find the correctness of the foregoing procedural rulings debatable.  As a result, no certificate of appealability shall issue.

## IV.  Conclusion

In the instant case, Guzman was represented by counsel at all pertinent times prior to and during his trial, as well as on direct appeal.  Guzman's motion fails to demonstrate that counsel was ineffective or "[t]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Because "it plainly appears . . . that the moving party is not entitled to relief, the [Court] must dismiss the motion."  Rules Governing Section 2255 Proceedings, Rule 4. Accordingly, **IT IS ORDERED** as follows:

1)  Defendant/Petitioner John Guzman's Motion to Vacate, Amend, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 93] is, and hereby **SHALL** be, **DENIED**;

2)  Guzman's request for an evidentiary hearing is, and hereby **SHALL** be, **DENIED**;

3)  Guzman's request for a certificate of appealability is, and hereby **SHALL** be, **DENIED**;

4)     This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

5)     Judgment **SHALL** be entered contemporaneously with the Memorandum Opinion and Order.

This the 29th day of August, 2019.

Signed By:

Joseph M. Hood

Senior U.S. District Judge