UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Case No. |
| Plaintiff, | ) | 5:16-cr-41-JMH-EBA |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOHN GUZMAN, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\* \* \*

This matter is before the Court on Defendant John Guzman's motion, [DE 121], styled a motion for to reconsider this Court's Order, [DE 118], denying his motion for "reduction in sentence" under the First Step Act. [DE 114]. Having reviewed Guzman's motion, and being otherwise sufficiently advised, **IT IS ORDERED** that Guzman's motion to reconsider is **DENIED**.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 18, 2016, after a one-week jury trial, Guzman was found guilty on nine counts of bank fraud in violation of 18 U.S.C. § 1344(1). [DE 42]. On February 21, 2017, Guzman was sentenced to a term of imprisonment of fifty (50) months on each of the nine counts to run concurrently. [DE 60].

Guzman is currently serving his sentence at Federal Medical Center ("FMC") in Lexington, Kentucky. [*Id.*]. Guzman is 73 years old and has served more than 50 percent of his sentence.

On June 21, 2019, Guzman requested this Court grant him early release,[1] claiming there are "extraordinary and compelling" reasons to do so under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). [DE 114 at 1-6, PageID #1661-66]. In the alternative, he requested early release to home detention under the "Second Chance Act," 34 U.S.C. § 60541(g), which allows early release to home detention for elderly and terminally ill offenders. [*Id*. at 6-7, PageID #1166-67].

On June 28, 2019, this Court directed the United States to respond to Guzman's motion. [DE 115]. The United States having now responded, [DE 116], and Guzman having replied in support of his motion, [DE 117].

This Court ordered the motion be denied. [DE 118]. In particular, the Court denied Guzman's request for early release because it was not brought by the Director of the Bureau of Prisons nor had Guzman exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A); *see also*, *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001); [DE 118 at 4-5, PageID #1693-94]. The Court next denied Guzman's request for early release to home detention because the Court was without the authority to do so

---

[1] This Court notes that Guzman is proceeding *pros* se, without the assistance of an attorney, and that this Court construes such motions more leniently than motions prepared by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

under 34 U.S.C. § 60541, which provides such authority only to the Attorney General.  [DE 118 at 6-7, PageID #1695-96].

## II.  ANALYSIS

Guzman argues the Court should reconsider its denial, [DE 118], of his motion for early release, [DE 114], because he believes that he has now exhausted his administrative remedies. As a result, Guzman believes he is entitled to early release. We disagree.

Notably, Guzman supports his motion to reconsider by citing to a rule of procedure that does not exist. [DE 121]. In particular, Guzman cites to "Rule 59(e)" in the styling of his motion to reconsider. [Id.].  Federal Rule of Criminal Procedure 59 goes no further than subsection (b)(3), and relates to matters before magistrate judges.

Nor do the Federal Rules of Criminal Procedure provide for motions to reconsider. Thus, "[c]ourts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R.C iv. P. 59(e)." *United States v. Willyard,* No. 3:07-CR-44, 2008 WL 471683, at *1 (E.D. Tenn. Feb.19, 2008) (citation omitted).

This Court has held "the purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters properly encompassed in a decision on the

3

merits." *United States v. Smith*, Case No. 3:08-cr-31-JMH, 2012
WL 1802554, *1 (E.D. Ky. May 2012) (quoting *Sherwood v. Royal Ins.
Co. of Am.,* 290 F.Supp.2d 856, 858 (N.D.Ohio 2003) (internal
citations and quotation marks omitted). This Court has further
stated that the rule:

> [G]ives the district court the power to
> rectify its own mistakes ...Generally, three
> situations justify a district court altering
> or amending its judgment: (1) to accommodate
> an intervening change in controlling law; (2)
> to account for new evidence not available at
> trial; or (3) to correct a clear error of law
> or to prevent a manifest injustice. It is not
> designed to give an unhappy litigant an
> opportunity to relitigate matters already
> decided, nor is it a substitute for appeal.

*Id.*

Moreover, "parties cannot use a motion for reconsideration to
raise new legal arguments that could have been raised before a
judgment was issued." *Id.* (quoting *Roger Miller Music, Inc. v.
Sony/ATV Publ'g, LLC,* 477 F.3d 383, 395 (6th Cir.2007) (citation
omitted)).

In the instant motion, Guzman cites no intervening change in
controlling law, and no need to account for new evidence not
available at trial, or, at least, made available since the time
the Court considered its most recent motion for "reduction in
sentence" under the First Step Act. [DE 114]. Nor do we believe
that this Court's denial was a clear error of law or its denial
represents a manifest injustice. Without something more, the Court

4

cannot and will not grant the relief requested. Further, the issues raised have been adequately addressed by this Court. Thus, this Court is unable to grant Guzman's motion.

Accordingly, **IT IS ORDERED** that Defendant John Guzman's motion for reconsideration, [DE 121], is, and hereby shall be, **DENIED**.

This, the 16th day of September, 2019.

Signed By:

*Joseph M. Hood*

Senior U.S. District Judge