UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5:16-CR-041-CHB |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING** |
| JOHN GUZMAN, ) | **RECOMMENDED DISPOSITION** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court following Defendant John Guzman's final revocation hearing on charges of violating conditions of supervised release. *See* [R. 149]. At the hearing, Defendant stipulated to the violations set forth in the Violation Report [R. 142], and Magistrate Judge Atkins informed Defendant of his rights, the charges against him, and the possible penalties. [R. 149, p. 1].

Despite Defendant's stipulation, the Court must still find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Magistrate Judge Atkins found, by a preponderance of the evidence, that the violations had occurred. [R. 149, p. 2]. Having fully considered the charges and the record before him, Magistrate Judge Atkins recommended that Defendant be found guilty of all violations in the Violation Report, that his supervised release be revoked, and that he be sentenced to a term of home incarceration without electronic monitoring for a period of seven months, with no supervision to follow. *Id.* at 3–4.

1

Magistrate Judge Atkins informed Defendant of his right of allocution and his right to object to the recommendation. *See id.* at 4. Defendant waived his right of allocution and offered no objection. *See* [R. 152 (Signed Waiver of Allocution)]. The three-day objection period has expired, and the United States also did not object to the Recommended Disposition.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made"). Nevertheless, the Court has reviewed the record and agrees with Magistrate Judge Atkins's Recommended Disposition. The Court thus, with no objection from any party and on full review of the record and Magistrate Judge Atkins's thorough treatment, **ORDERS** as follows:

1. Magistrate Judge Atkins's Recommended Disposition is **ADOPTED** as the opinion of this Court and **ADJUDGES** Defendant John Guzman guilty of the violations contained in the Violation Report, [R. 142].

2. The Court **REVOKES** supervision and **SENTENCES** Defendant Guzman to 7 months' home incarceration without electronic monitoring, with no supervision to follow.

3. The Court will enter an appropriate revocation judgment.

This the 15th day of August 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY